UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CHARLOTTE DYE, Administrator )
*Ad Litem* of the Estate of Louise Reed, )
Deceased )
)
v. ) No. 2:04-CV-446
) *Magistrate Judge Inman*
KINDRED NURSING CENTERS )
LIMITED PARTNERSHIP, doing business )
as GREYSTONE HEALTH CARE CENTER )

O R D E R

This suit is an action for personal injuries sustained by, and for the wrongful death of, Louise Reed, filed against the nursing home in which Ms. Reed resided prior to her death. The suit originally was filed in the Law Court for Sullivan County, Tennessee, but was removed to this Court pursuant to 28 U.S.C. § 1441, *et seq.,* and § 1332(a)(1), i.e., on the basis of the diversity of citizenship of the parties.

The plaintiff has now filed a motion to remand the case to state court [Doc. 20]. In the motion to remand, the plaintiff notes that the defendant, Kindred Nursing Centers Limited Partnership, d/b/a, is a limited partnership, and that the defendant failed to allege in any removal document or subsequent pleading that none of the partners in the defendant is a citizen of, or organized in, or has its principal place of business in, the state of Tennessee. In other words, plaintiff asserts in her motion to

remand that the defendant has failed to appropriately allege and demonstrate that there is complete diversity of citizenship between the parties.

In response to that motion to remand, the defendant has moved to amend or supplement both its original Answer and its Notice of Removal [Doc. 25]. Specifically, defendant moves that it be allowed to amend or supplement both its Answer and Notice of Removal by asserting therein that:

(1) The defendant (Kindred Nursing Centers Limited Partnership) is a Delaware limited partnership with its principal office in Louisville, Kentucky;

(2) Prior to December 31, 2003, the partners in "Kindred Nursing Centers Limited Partnership" were:

    (A) Kindred Hospital, LP, a Delaware limited partnership, which was a one percent general partner of Kindred Nursing Centers Limited Partnership;

    (B) Kindred Healthcare Operating, Inc., a Delaware corporation, which was a one percent general partner of Kindred Nursing Centers Limited Partnership and ninety-eight percent limited partner of Kindred Nursing Centers Limited Partnership; and

    (C) In December 2003, Kindred Nursing Centers East, LLC (a Delaware limited liability company) acquired the positions previously held by Kindred Healthcare Operating, Inc.;

(3) The principal offices of Kindred Hospital, LP, Kindred Healthcare Operating, Inc., and Kindred Nursing Centers East, LLC, are all in Louisville, Kentucky.

Defendant insists that, if its motion to amend or supplement is granted, the deficiencies regarding diversity jurisdiction have been cured and the motion to remand

should be denied.

Plaintiff, on the other hand, resists the motion to amend or supplement; moreover, plaintiff insists that the motion to amend or supplement does *not* cure the deficiency and that her motion to remand should be granted.

As all of us learned in our first year in law school, and certainly by our second year, "complete diversity" between the parties is required before a federal court has subject matter jurisdiction under 28 U.S.C. § 1332. *Caterpillar, Inc., v. Lewis*, 519 U.S. 61 (1996). Thus, if one party has a common citizenship with an opposing party, there is not *complete* diversity and federal court has no jurisdiction under 28 U.S.C. § 1332(a)(1). Since complete diversity is a prerequisite to subject matter jurisdiction, a district court is "obliged to act *sua sponte* whenever a question concerning jurisdiction arises." *AutoZone Texas, LP v. Dana Corporation, et al*, 2005 WL 2113293 (W.D. Tenn. 2005). The citizenship of a person or a corporation usually is a straightforward matter of easy determination, but that is not always the situation with partnerships or unincorporated associations or organizations. As far as partnerships and unincorporated associations are concerned, whether or not complete diversity exists is ascertained by looking to the citizenship of *each* of the partners of the partnership or members of the association. *See, e.g., Safeco Ins. Co. of America v. City of Whitehouse, Tenn.,* 36 F.3d 540 (6th Cir. 1994), *C. T. Carden, et al v. Arkoma Associates*, 494 U.S. 185 (1990). And with particular regard to partnerships, the

3

federal court must determine not only the citizenship of the partnership's general partners, but also its limited partners. *C.T. Carden, supra.*

Limited liability companies have "members" which are the functional equivalent of partners as far as diversity questions are concerned; no member of a limited liability company may be a citizen of the same state as any opposing party. *See, Homfield II, L.L.C. v. Comair Holdings, Inc.*, 2002 WL 31780184 (6th Cir. 2002).

In light of these principles of law, it is obvious that a legitimate question regarding this Court's subject matter jurisdiction has arisen as to the existence of complete diversity. As a result, this Court is bound to resolve the issue; if the Court proceeds without subject matter jurisdiction, everything that it does is an absolute nullity.

The Court DENIES defendant's motion to amend or supplement [Doc. 25] simply because defendant's proposed amendments do not cure the deficiencies made manifest by the *C. T. Carden* case. Defendant's proposed amendment/supplement only identifies the general and limited partners in the named defendant, which of course is Kindred Nursing Centers Limited Partnership. However, it is noted that one of the general partners is itself a limited partnership, *viz*, Kindred Hospital, LP. Therefore, under the rule enunciated in *C. T. Carden, supra*, defendant must affirmatively assert that not only are none of the general or limited partners of the named defendant citizens of Tennessee, it also must demonstrate that neither is any general or limited partner of

4

the partnership that owns a partnership interest in the named defendant, *viz.*, Kindred Hospital, LP. In other words, defendant is obliged to identify the general and limited partners in the partnership pyramid, from top to bottom. Similarly, defendant must affirmatively show that no member of Kindred Nursing Centers East, LLC (the limited liability company), is a citizen of Tennessee.

In light of the seriousness of this issue – since this Court's jurisdiction is at stake – a natural person who has personal knowledge of all pertinent information shall file an affidavit in this case that he/she confirms, under penalty of perjury, that no general or limited partner in either Kindred Nursing Center Limited Partnership, or Kindred Hospital, LP; or any member of Kindred Nursing Centers East, LLC, is a citizen of the state of Tennessee.

If defendant files a motion to amend or supplement in light of the foregoing discussion, supported by an affidavit as just described, the Court will grant the motion.

Defendant is advised that this Court intends to grant plaintiff's motion to compel with respect to Interrogatory No. 5; moreover, the Court on its own motion will supplement Interrogatory No. 5 by directing that the defendant supply the same information with respect to each general and limited partner of Kindred Hospital, LP, and with respect to each member of Kindred Nursing Centers East, LLC. Therefore, the affiant to the referenced affidavit should use great care before executing it.

Any subsequent motion to amend and supplement, supported by an appropriate

5

affidavit, shall be filed by December 19, 2005. If defendant cannot procure an affidavit by that date, notwithstanding its good faith efforts to do so, it may file a motion requesting additional time.

    SO ORDERED:

                                                             s/ Dennis H. Inman
                                                    United States Magistrate Judge